```
                    IN THE UNITED STATES DISTRICT COURT

                         FOR THE DISTRICT OF HAWAII

MICHAEL C. TIERNEY,            )    CIV. NO. 12-00056 LEK-RLP
#A0201434,                     )
                               )
              Plaintiff,       )    ORDER DENYING MOTION FOR
                               )    APPOINTMENT OF COUNSEL
       vs.                     )
                               )
LOIS TORIKAWA, et al.,         )
                               )
              Defendants.      )
_____)
```

## ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff seeks appointment of counsel to assist him in this prisoner civil rights action. Plaintiff claims that Defendants failed to protect him from assault by another inmate.

In proceedings that do not threaten a litigant with loss of physical liberty, there is no presumptive right to appointed counsel. *Lassiter v. Dep't. of Soc. Servs.*, 452 U.S. 18, 26-27 (1981). The court has discretion whether to seek counsel to represent an indigent civil litigant. 28 U.S.C. § 1915(e)(1); *Mallard v. District Court*, 490 U.S. 296 (1989). That discretion is governed by a number of factors, including the likelihood of success on the merits and the applicant's ability to present his claims in light of their complexity. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983); *see also, LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987).

Plaintiff can read, write, and adequately express his claims. Moreover, Plaintiff has filed six actions, including

this one, in this court within the past year,[1] and nearly forty actions in the federal district and appellate courts since 1991.[2] Clearly, Plaintiff is able to access the courts and navigate his proceedings pro se. The appointment of counsel is not required in the interests of justice. At this stage of these proceeding, before the Complaint has been screened or a responsive pleading has been ordered and filed, the court is unable to determine Plaintiff's likelihood of success on the merits of his claims. Plaintiff fails to present exceptional circumstances justifying the appointment of counsel. Plaintiff's motion for appointment of counsel is DENIED without prejudice.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 30, 2012.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Tierney v. Torikawa, et al.,* 1:12-cv-00056 LEK-RLP; psas\apptcoun\dmp\2012\ Tierney 12-56 lek (dny 1983)

---

[1] *See* 1:11-cv-00082 HG; 1:11-cv-00246 LEK; 1:11-cv-00369 JMS; 1:11-cv-00681 DAE; 1:11-cv-00800 DAE.

[2] *See* http://pacer.psc.uscourts.gov, ("PACER").