IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MICHAEL C. TIERNEY,, Plaintiff, vs. LOIS TORIKAWA, ET AL., Defendants. | ) | CIVIL NO. 12-00056 LEK-RLP |

**ORDER DENYING MICHAEL C. TIERNEY'S**
**APPEAL OF MAGISTRATE JUDGE DECISION**

Before the Court is pro se Plaintiff Michael C. Tierney's Objections to U.S. Magistrate Judge Richard L. Puglisi Denying Motion for Appointment of Counsel (the "Appeal"), filed on June 5, 2012. The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Motion and the relevant legal authority, Tierney's Appeal is HEREBY DENIED for the reasons set forth below.

**BACKGROUND**

Tierney is a prisoner at the Oahu Community Correctional Facility and was incarcerated at Waiawa Correctional Facility ("WCF") at the time of the subject incident. On January 25, 2012, he filed his Prisoner Civil Rights Complaint

(“Complaint”) against Defendants Scott Harrington, the WCF Warden, Lois Torikawa, a social worker, Irene Revilla, a nurse, and Matt Pattioay, a fellow WCF inmate (collectively, “Defendants”).[1] The Complaint alleges that Harrington, Torikawa, and Revilla ordered Pattioay to assault Tierney, then failed to provide timely medical care. [Dkt. no. 1.]

On May 15, 2012, this Court issued its Order Dismissing Complaint in Part; Denying Temporary Restraining Order; and Directing Service (the “May 15, 2012 Order”). [Dkt. no. 21.] Tierney thereafter filed his Motion for Appointment of Counsel, which was taken under advisement by United States Magistrate Judge Richard L. Puglisi. [Dkt. no. 22.] On May 30, 2012, Judge Puglisi issued his Order Denying Second Motion for Appointment of Counsel (the “May 30, 2012 Order”). [Dkt. no. 28.]

## STANDARD

Pursuant to Rule LR74.1, any party may appeal from a magistrate judge’s order determining a non-dispositive pretrial matter or, if a reconsideration order has issued, the magistrate judge’s reconsideration order on such a matter. The district judge shall consider the appeal and shall set aside any portion of the magistrate judge’s order found to be clearly erroneous or contrary to law. See Local Rule LR74.1; see also 28 U.S.C.

[1] As of the date of this order, none of the Defendants have made an appearance in this case.

§ 626(b)(1)(A); Fed. R. Civ. P. 72(a). The district judge may also reconsider sua sponte any matter determined by a magistrate judge. See Local Rule LR74.1.

"The clearly erroneous standard applies to the magistrate judge's factual findings while the contrary to law standard applies to the magistrate judge's legal conclusions, which are reviewed de novo." Columbia Pictures, Inc. v. Bunnell, 245 F.R.D. 443, 446 (C.D. Cal. 2007). Under the "clearly erroneous" standard, the magistrate judge's ruling must be accepted unless, after reviewing the entire record, this Court is "left with the definite and firm conviction that a mistake has been committed." United States v. Silverman, 861 F.2d 571, 576-77 (9th Cir. 1988) (citing United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)). The district judge may not simply substitute his or her judgment for that of the magistrate judge. See Grimes v. City & Cnty. of San Francisco, 951 F.2d 236, 241 (9th Cir. 1991). "'A decision is contrary to law if it applies an incorrect legal standard or fails to consider an element of the applicable standard.'" Na Pali Haweo Cmty. Ass'n v. Grande, 252 F.R.D. 672, 674 (D. Hawai'i 2008).

**DISCUSSION**

Tierney argues that, although this Court "ordered [him] to file a motion for appointment of counsel[,]. . . U.S.

Magistrate Judge Richard L. Puglisi has denied [his motion]."[2] [Appeal at 1.]

Where a plaintiff has been granted leave to proceed in forma pauperis, the district court, in its sound discretion, may appoint counsel to represent the plaintiff. See 28 U.S.C. § 1915(e)(1); Agyeman v. Corr. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004). A court, however, should only appoint counsel "in exceptional circumstances." Agyeman, 390 F.3d at 1103 (citation and quotation marks omitted). "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims in light of the complexity of the legal issues involved." Id. (citations and quotation marks omitted). Although neither factor is controlling, the court must view both together before ruling upon a motion for the appointment of counsel. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).

---

[2] As a preliminary matter, the Court notes that it did not "order" Tierney to file a motion for appointment of counsel. In its May 15, 2012 Order, this Court stated: "Until the Complaint is served and Defendant[s] or his/her attorney files a notice of appearance, Plaintiff SHALL NOT FILE MOTIONS OR OTHER DOCUMENTS with the court, other than a motion for appointment of counsel." [May 15, 2012 Order at 15.] Tierney misunderstands or misconstrues this Court's order that he may not file any motion, except one seeking appointment of counsel, but the Court by no means "ordered" him to file a motion for appointment of counsel.

The Court does not find any error with the magistrate judge's decision that warrants reversal. As Judge Puglisi correctly noted in his order, there is no presumptive right to appointed counsel in this case. [May 30, 2012 Order at 1 (citing Lassiter v. Dep't of Soc. Servs., 452 U.S. 18, 26-27 (1981)).] He found that, because Tierney "can read, write, and express his claims" and "has also filed fourteen actions, including this one, in this court within the past year," Tierney "is able to access the courts and navigate his proceedings pro se." [Id. at 2.] He noted that the disabilities Tierney complained of (lack of writing material, postage, envelopes, and access to the law library) have not impaired the prosecution of this case, as Tierney has complied with filling out and returning the requisite service forms. [Id.]

Judge Puglisi determined that there were no "exceptional circumstances" necessitating appointment of counsel, because Tierney has demonstrated his "ability to articulate his claims in light of the complexity of the legal issues involved . . . ." See Agyeman, 390 F.3d at 1103. The Court finds no error in this conclusion. Moreover, as to "the likelihood of the plaintiff's success on the merits," id., this Court expressed doubts in its May 15, 2012 Order over the plausibility of Tierney's claim that the other Defendants ordered Pattioay to attack Tierney. [May 15, 2012 Order at 7.]

Accordingly, the Court CONCLUDES that the May 30, 2012 Order was neither clearly erroneous nor contrary to law and DENIES Tierney's Appeal.

**CONCLUSION**

On the basis of the foregoing, Tierney's Objections to U.S. Magistrate Judge Richard L. Puglisi Denying Motion for Appointment of Counsel, filed June 5, 2012, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, June 19, 2012.




/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**MICHAEL C. TIERNEY V. LOIS TORIKAWA, ET AL; CIVIL NO. 12-00056 LEK-RLP; ORDER DENYING MICHAEL C. TIERNEY'S APPEAL OF MAGISTRATE JUDGE DECISION**