IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MICHAEL C. TIERNEY, #A0201434, | ) CIV. NO. 12-00056 LEK/RLP )  ) |
| Plaintiff, | ) ORDER DENYING MOTIONS FOR ) TEMPORARY RESTRAINING ORDER AND |
| vs. | ) FOR HEARING ) |
| LOIS TORIKAWA, IRENE REVILLA, SCOTT HARRINGTON, MATT PATTIOAY, | ) ) ) ) |
| Defendants. | ) ) |

## **ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND FOR HEARING**

Before the court is Plaintiff's motions for a temporary restraining order ("TRO") and a hearing regarding his recent transfer to the Saguaro Correctional Center, in Eloy, Arizona. ECF #36, #37. Plaintiff claims that inmate Matt Pattioay, who he alleges assaulted him in December 2011, when they were both incarcerated at the Waiawa Correctional Facility, was transferred with him to Arizona. Plaintiff claims that Pattioay harassed him during transit to Arizona and at the facility. Plaintiff's requests for a TRO and a hearing are DENIED.

### **I. BACKGROUND**

On May 10, 2012, the court granted Plaintiff's *in forma pauperis* application, finding that he sufficiently alleged imminent danger of serious physical injury to bypass the bar imposed on his filings by 28 U.S.C. § 1915(g). ECF #20.

On May 15, 2012, the court dismissed Plaintiff's Complaint in part and directed him to complete and send the necessary service documents to the United States Marshal so that service could be perfected on Defendants Torikawa, Revilla, and Harrington. ECF #21. Claims against Defendant Matt Pattioay were dismissed. To date, service has not been effected on any Defendant.

On June 27, 2012, Plaintiff was transferred to Arizona.

## II. **DISCUSSION**

The "circumstances justifying the issuance of an *ex parte* order are extremely limited" because "our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (finding that a TRO was improperly issued because notice to the adverse party was neither impossible nor would it render the action fruitless (citing *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423 (1974)). Federal Rule of Civil Procedure 65 outlines the "stringent restrictions imposed" for TROs issued *ex parte*. *Id.*

The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

   (A) specific facts in an affidavit or a verified
   complaint clearly show that immediate and irreparable

> injury, loss, or damage will result to the movant
> before the adverse party can be heard in opposition;
> and
>
> (B) the movant's attorney certifies in writing any
> efforts made to give notice and the reasons why it
> should not be required.

Fed. R. Civ. P. 65(b)(1) (emphasis added).

Plaintiff meets neither requirement. Plaintiff's only statement providing specific facts in support of his request for a TRO are those in his Motion itself. Plaintiff's Motion does not provide specific facts that clearly show that "immediate and irreparable injury, loss, or damage" will result before Defendants Torikawa, Revilla, and Harrington can be heard in opposition. *Id.*

Plaintiff also fails to certify in writing the efforts he made to give notice to Defendants or reasons why notice should not be required before a TRO is issued. Plaintiff fails to demonstrate that notice is impossible or fruitless, as required for an *ex parte* TRO. *Reno Air Racing*, 452 F.3d at 1131.

Plaintiff also fails to comply with Rule 65(b)(2), which provides that, "[e]very temporary restraining order issued without notice must . . . describe the injury and state why it is irreparable [and] state why the order was issued without notice." Fed. R. Civ. P. 65(b)(2). Plaintiff does not explain the irreparable injury he has or will suffer due to Pattioay's alleged harassment, or otherwise explain why he seeks a TRO

without notice to Defendants Torikawa, Revilla, and Harrington.

Moreover, Plaintiff's request for injunctive relief as directed to Defendants Torikawa, Revilla, and Harrington is moot, because he has been transferred to Arizona from the Waiawa Correctional Facility, where Defendants are employed. *See* 11 C. Wright & A. Miller, Federal Practice and Procedure, § 2848 (1973) (explaining that a presently existing actual threat must be shown for such relief to be granted, although the injury need not be certain to occur). Constitutional standing to sue requires three elements: (1) an injury in fact, (2) that is fairly traceable to the defendant, and (3) that is likely to be redressed by a favorable decision. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). An inmate's transfer to another prison while his claims are pending generally moots claims seeking injunctive or declaratory relief regarding prison policies. *See Preiser v. Newkirk*, 422 U.S. 395 (1975) (inmate's request for declaratory judgment rendered moot by inmate's transfer to another prison); *Dilley v. Gunn*, 64 F.3d 1365, 1368-69 (9th Cir. 1995) (inmate's request for injunctive relief rendered moot by inmate's transfer to another prison); *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (*per curiam*) (same); *Darring v. Kincheloe*, 783 F.2d 874, 876 (9th Cir. 1986) (same). There is no indication that Plaintiff will be transferred back to WCF. *See Wiggins v. Rushen*, 760 F.2d 1009 (9th Cir. 1985) (chance that prisoner might

be returned to prison where injury occurred is too speculative to demonstrate reasonable expectation that injury may recur). Plaintiff may, of course, bring suit in Arizona and seek injunctive relief from Arizona prison officials.

Finally, Plaintiff's claims that Pattioay "harassed" him present no "serious question" that he is in danger of irreparable harm from Pattioay, or that the balance of hardships tips sharply in his favor, or that the balance of equities tips in his favor, or that an injunction is in the public interest.[1] *See Winter*, 129 S. Ct. at 374; *accord Sierra Forest Legacy*, 577 F.3d at 1021. Plaintiff's request for a TRO is DENIED.

Plaintiff has no right to remain in prison in Hawaii. *See Olim v. Wakinekona*, 461 U.S. 238, 244-48 (1983) (interstate prison transfer does not implicate Due Process clause).

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, July 24, 2012.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Tierney v. Torikawa, et al.,* Civ. No. 1:12-00056 LEK-RLP, ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND HEARING; psas/tros/2012/Tierney 12-56 (no svc TRO, no imm dng irrep harm)

---

[1] The Hawaii Statewide Automated Victim Information and Notification Service (SAVIN), does not show that Pattioay is incarcerated any longer in Hawaii or Arizona. *See* https://www.vinelink.com.

5