IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MICHAEL C. TIERNEY, | ) | CIVIL NO. 12-00056 LEK/RLP |
| | ) | |
| Plaintiff, | ) | ORDER DENYING MOTION FOR |
| | ) | MANDATORY DISQUALIFICATION OR |
| vs. | ) | RECUSAL OF UNITED STATES |
| | ) | DISTRICT JUDGE |
| LOIS TORIKAWA, SOCIAL WORKER; | ) | |
| NURSE IRENE REVILLA, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DENYING MOTION FOR MANDATORY DISQUALIFICATION
OR RECUSAL OF UNITED STATES DISTRICT JUDGE**

Plaintiff Michael C. Tierney, proceeding pro se, has moved for "mandatory disqualification or recusal" of District Judge Leslie E. Kobayashi.  His motion is denied.

It is not clear to the court whether Tierney is bringing his motion under 29 U.S.C. § 455(a) or 28 U.S.C. § 144. The court begins this order by analyzing the motion under § 455(a), but, given Tierney's attachment to his motion of a declaration that he says is made "under penalty of perjury that the foregoing is true and correct," the court also, in an abundance of caution, follows with an analysis under § 144.

Section 455(a) provides that any judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  Section 455(a) does not require that a disqualification motion be accompanied by an affidavit or declaration.

Section 144 requires a sworn statement by the person seeking disqualification. The statute states:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for the failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

Tierney's motion fails to provide grounds for Judge Kobayashi's "mandatory disqualification" under either § 455(a) or § 144. From what the court can tell from the record in this case, Tierney is simply unhappy with Judge Kobayashi's ruling denying his motion for a temporary restraining order. The denial noted that Tierney was seeking an order relating to his transfer to a prison in Arizona along with Matt Pattioay, another inmate that Tierney says harassed him. Tierney appears to have been requesting an order directed to Defendants in the case, who are State of Hawaii officials employed at a Hawaii prison. Judge Kobayashi noted that, among other things, an order restraining

Hawaii prison officials from doing anything would have no effect on what might occur in Arizona. Nothing in Judge Kobayashi's order suggests any reason that she should be disqualified.

I.        28 U.S.C. § 455(a)

In Liteky v. United States, 510 U.S. 540 (1994), the Supreme Court, addressing § 455(a), said:

> The fact that an opinion held by a judge derives from a source outside judicial proceedings is not a *necessary* condition for "bias or prejudice" recusal, since predispositions developed during the course of a trial will sometimes (albeit rarely) suffice. Nor is it a *sufficient* condition for "bias or prejudice" recusal, since *some* opinions acquired outside the context of judicial proceedings (for example, the judge's view of the law acquired in scholarly reading) will *not* suffice. Since neither the presence of an extrajudicial source necessarily establishes bias, nor the absence of an extrajudicial source necessarily precludes bias, it would be better to speak of the existence of a significant (and often determinative) "extrajudicial source" *factor*, than of an "extrajudicial source" *doctrine*, in recusal jurisprudence.

Id. at 554-55.

The Supreme Court went on to explain what does and does not warrant recusal under § 455(a):

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality

>motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.  Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.  They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible. . . .  *Not* establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display.  A judge's ordinary efforts at courtroom administration–even a stern and short-tempered judge's ordinary efforts at courtroom administration–remain immune.

Id. at 555-56.

Having examined each of the matters raised by Tierney's motion, this court finds none that falls outside the very kind of conduct that the Supreme Court has said does not support recusal.  Everything in Tierney's motion goes to his disagreement with Judge Kobayashi's ruling(s).  Nothing in any of Judge Kobayashi's rulings in this case displays "a deep-seated favoritism or antagonism that would make fair judgment impossible."  Id. at 555.  Even assuming anything Judge Kobayashi said or wrote could be considered critical of Tierney, the Supreme Court has made clear that remarks "that are critical or disapproving of, or even hostile to . . . the parties, or their cases, ordinarily do not

support a bias or partiality charge." <u>Liteky</u>, 510 U.S. at 555. As the Supreme Court said:

> The judge who presides at a trial may, upon completion of the evidence, be exceedingly ill disposed towards the defendant, who has been shown to be a thoroughly reprehensible person.  But the judge is not thereby recusable for bias or prejudice, since his knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings, and are indeed sometimes (as in a bench trial) necessary to completion of the judge's task.

<u>Id.</u> at 550-51.

II.     <u>28 U.S.C. § 144</u>

The court turns next to the question of whether Judge Kobayashi's disqualification is alternatively required under 28 U.S.C. § 144.  Section 144 requires a party seeking recusal to submit a "timely and sufficient affidavit," as well as a certificate stating that the motion is made in good faith. Tierney submits no good faith certificate, and his declaration is not sufficient.

Tierney's motion appears to be based entirely on statements made by Judge Kobayashi in the course of making rulings on motions.  In <u>United States v. Scholl</u>, 166 F.3d 964, 977 (9th Cir. 1999), the Ninth Circuit found insufficient an affidavit relying on actions taken by the district judge during proceedings, as such actions were "not a proper ground for disqualification" under § 144.

5

Having failed to meet the sufficiency requirement of § 144, Tierney is not entitled to Judge Kobayashi's disqualification under that statute.

III.     CONCLUSION

Tierney's motion for Judge Kobayashi's "mandatory disqualification" is DENIED.

APPROVED AND SO ORDERED.

DATED: Honolulu, Hawaii, August 2, 2012.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Michael C. Tierney v. Lois Torikawa, et al.; CIVIL NO. 12-00056 LEK/RLP; ORDER DENYING MOTION FOR MANDATORY DISQUALIFICATION OR RECUSAL OF UNITED STATES DISTRICT JUDGE