IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MICHAEL C. TIERNEY, | ) | CIV. NO. 12-00056 LEK-RLP |
| | ) | |
| Plaintiff, | ) | ORDER DENYING MOTION UNDER |
| | ) | RULE 60(b) |
| vs. | ) | |
| | ) | |
| LOIS TORIKAWA, et al., | ) | |
| | ) | |
| Defendants | ) | |
| _____ | ) | |

**ORDER DENYING MOTION UNDER RULE 60(b)**

Plaintiff moves for reconsideration of the court's July 24, 2012, Order denying his motion for a temporary restraining order ("TRO"), ECF #38, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.  *See* Ord., ECF #42.  Plaintiff protests that the court incorrectly stated that inmate Matt Pattioay is not incarcerated with him in Arizona at the Saguaro Correctional Center ("SCC").  Plaintiff also disputes the court's holding that he has no right to remain in Hawaii to complete the remainder of his sentence, and argues that Fed. R. Crim. P. 43 grants him the right to be present at proceedings in his numerous pending civil actions in this court and in the state court.  Plaintiff's Rule 60(b) Motion is DENIED.

Rule 60(b) permits reconsideration based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly-discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59;

(3) fraud, misrepresentation, or misconduct by an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.  *See* Fed. R. Civ. P. 60(b)(1)-(b)(6).  Rule 60 reconsideration is generally appropriate in three instances: (1) when there has been an intervening change of controlling law; (2) new evidence has come to light; or (3) when necessary to correct a clear error or prevent manifest injustice. *School District No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993).

First, the court accepts that Pattioay is incarcerated in Arizona in the same prison as Plaintiff.  *See* ECF #42 at 2 (letter from the Hawaii Department of Public Safety stating Pattioay is at SCC).  However, the court simply noted in a footnote that Hawaii's criminal database did not show that Pattioay was incarcerated.  *See* Ord., ECF #38 at 5, n.1.  It did not *hold* or base its denial of Plaintiff's TRO on this statement. Pattioay's presence in Arizona, or during Plaintiff's transit to Arizona, does not alter the conclusion that a temporary restraining order is not warranted here.

Second, Plaintiff provides no intervening change in controlling law overruling *Olim v. Wakinekona*, 461 U.S. 238, 244-

48 (1983), in which the Supreme Court held that prisoners have no right to dictate the prison at which they are incarcerated, and specifically, no right to remain in a Hawaii prison.  Plaintiff's transfer to an out-of-state prison with less than one year left until his sentence expires does not violate his right to due process or equal protection of the laws.  *See id.; see also Meachum v. Fano*, 427 U.S. 215, 225; *White v. Lambert*, 370 F.3d 1002, 1013 (9th Cir. 2004).

   Third, Fed. R. Crim. P. 43 has no application to Plaintiff's pending civil actions here or in the state court.  The *civil* rules apply to Plaintiff's pending habeas petition pending and numerous civil rights actions in this court.  *See* Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts (codified after 28 U.S.C. § 2254 ("Habeas Rules")) (providing that the "Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or [the habeas] rules, may be applied to a proceeding under these rules"); *Mayle v. Felix*, 545 U.S. 644, 654 (2005); *see also* Fed. R. Civ. P. 81(a)(4) (same).  To the extent that there is a state rule that dictates that Plaintiff must remain in Hawaii during civil proceedings, he may raise that question in state court.  *Olim v. Wakinekona* and its progeny have not been overruled, however, and this court is "bound to follow a controlling Supreme Court precedent until it is explicitly

overruled by that Court." *United States v. Weiland*, 420 F.3d 1062, 1079 n.16 (9th Cir. 2005) (citation omitted).

Fourth, Plaintiff still fails to demonstrate that he complied with the rules and restrictions governing when a TRO may be issued *ex parte*, as set forth in Fed. R. Civ. P. 65. Moreover, Plaintiff's claims in support of the TRO do not present a serious question or show that he is in danger of irreparable harm based on his transfer to Arizona or from Pattioay alleged harassment. Nor does he explain why his request for injunctive relief against the Hawaii prison officials named in this suit is not moot, or why, if he requires a restraining order or injunction in Arizona, he cannot seek this relief in the proper Arizona court.

Plaintiff provides no intervening change in controlling law, new evidence, or a sufficient argument showing the need to correct clear error or prevent manifest injustice relating to his transfer and this court's denial of his Motion for Temporary Restraining Order. Plaintiff's Motion Under Rule 60(b), ECF #42, is DENIED.

IT IS SO ORDERED.

//

DATED AT HONOLULU, HAWAII, August 7, 2012.



   /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

Tierney v. Torikawa, 1:12-cv-00056 LEK-RLP; ORDER DENYING MOTION UNDER RULE 60(b); psas\recon\DMP\2012\Tierney 12-56 lek (6th R60 mot. re trnsf AZ)