IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MICHAEL C. TIERNEY, #A1013142, | ) ) ) | Civil NO. 12-00056 LEK/RLP |
| Plaintiff, | ) ) | ORDER GRANTING MOTION TO DISMISS FOR FAILURE TO EXHAUST |
| vs. | ) ) | |
| LOIS TORIKAWA, IRENE REVILLA, SCOTT HARRINGTON, MATT PATTIOAY, | ) ) ) ) | |
| Defendants. | ) ) ) | |
| _____ | ) | |

**ORDER GRANTING MOTION TO DISMISS FOR FAILURE TO EXHAUST**

Before the court is Defendants Lois Torikawa's, Irene Revilla's, and Scott Harrington's Motion to Dismiss Complaint for Plaintiff Michael Tierney's failure to exhaust administrative remedies. ECF No. 58. Plaintiff has filed two Responses to the Motion.[1] See ECF No. 61; ECF No. 74. Defendants have filed Replies to each. ECF No. 64, 77. Because it is clear that Plaintiff failed to exhaust his administrative remedies before commencing this action, Defendants' Motion is GRANTED pursuant to 42 U.S.C. § 1997e(a).

---

[1] On November 13, 2012, after Defendants filed the Motion, the court sent Plaintiff a *second* Notice to Pro Se Prisoner Litigants, explaining what he must do to oppose a motion to dismiss for failure to exhaust. *See* Notice, ECF No. 62; *see also Woods v. Carey*, 684 F.3d 934,936 (9th Cir. 2012). Defendants also sent Plaintiff the Notice after the first hearing on this matter, held on February 5, 2013. Plaintiff admitted at the March 5, 2013 hearing that he had received a copy of the Notice before submitting his second Response.

## I. 42 U.S.C § 1997(e)

"The Prison Litigation Reform Act ["PLRA"] requires that a prisoner exhaust available administrative remedies before bringing a federal action concerning prison conditions." *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009) (citing 42 U.S.C. § 1997e(a)); *Brown v. Valoff*, 422 F.3d 926, 934 (9th Cir. 2005) (quoting *Porter v. Nussle*, 534 U.S. 516, 525 n.4 (2002)). "'[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.'" *Bennett v. King*, 293 F.3d 1096, 1098 (9th Cir. 2002) (quoting *Porter*, 534 U.S. at 532). Exhaustion is mandatory, and "unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (*per curiam*). Even if the prisoner seeks monetary or other relief that is unavailable through the grievance system in question, the prisoner must still exhaust all available administrative remedies. *See Booth v. Churner*, 532 U.S. 731, 741 (2001) ("[W]e think that Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures.").

Section 1997e(a) does not impose a pleading requirement, but rather, provides an affirmative defense under which defendants have the burden of raising and proving the

2

absence of exhaustion. *Jones*, 549 U.S. at 216; *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact. *Wyatt*, 315 F.3d at 1119-20.

## II. BACKGROUND

Plaintiff alleges that, on December 19, 2011, while he was incarcerated at the Waiawa Correctional Facility ("WCF"), Defendants ordered another inmate to assault him and then denied him timely medical care. Plaintiff commenced this action approximately one month later, on January 25, 2012, while he was still confined at WCF.[2]

Plaintiff was transferred to the Oahu Community Correctional Center ("OCCC") two days after the Complaint was docketed, on January 27, 2012. *See* Pl. Response, ECF No. 61 PageId #293 (stating Plaintiff was "fast-track transfer[r]ed from W.C.F. on 1/27/2012 to O.C.C.C."); *see also*, Pl. Feb. 1, 2012 Notice of Change of Address, ECF No. 9. Plaintiff later notified the court that he had been transferred to the Halawa Correctional Facility ("HCF"). *See* May 25, 2012 Notice of Change of Address, ECF No. 25. On June 27, 2012, Plaintiff was transferred to the Saguaro Correctional Center ("SCC"), in Arizona. ECF No. 36. On

---

[2] Plaintiff signed the Complaint on January 13, 2013. *See* Compl., ECF No. 1 PageID #8. The Complaint was mailed from WCF on January 24, 2013. *See id.*, mailing documentation.

January 17, 2013, Plaintiff notified the court that he is again confined at HCF.[3]  ECF No. 66.

### III. <u>EXHAUSTION PROCEDURES</u>

The PLRA requires "proper" exhaustion of administrative remedies.  *Woodford v. Ngo*, 548 U.S. 81, 93 (2006).  "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules."  *Id.* at 90.  This is "because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."  *Id.* at 90-91.  Requiring prisoners to properly exhaust their claims furthers Congress's goal of "'reduc[ing] the quantity and improv[ing] the quality of prisoner suits.'"  *Id.* at 94 (*quoting Porter*, 534 U.S. at 524).  Proper exhaustion advances this goal by: (1) "giv[ing] prisoners an effective incentive to make full use of the prison grievance process;" (2) reducing prisoner suits, as some prisoners are "persuaded by the proceedings not to file an action in federal court;" and (3) improving the quality of any remaining prisoner suits "because proper exhaustion often results in the creation of an administrative record that is helpful to the court."  *Ngo*, 548 U.S. at 94-95.

**A.  Hawaii's Administrative Exhaustion Procedure**

The Hawaii Department of Public Safety's ("DPS")

---

[3] Plaintiff states that he was granted parole on February 6, 2013, but he remained incarcerated as of the date of the second hearing on the Motion. *See* ECF No. 74, PageID #329.

grievance process is set forth in its Policy and Procedure Manual ("PPM") COR.12.03, which became effective on June 8, 2011. *See* http://dps.hawaii.gov/wp-content/uploads/2012/10/COR.12.03 (last visited Feb. 28, 2013). To initiate DPS's grievance process, an inmate must first attempt to informally resolve the grievance, then follow a three-step process by submitting a grievance at each step and waiting for a response, or for the time to receive a response to expire, before moving to the next step. *See id.* To fully comply with PPM Cor.12.03, the inmate must also: (1) submit a grievance within fourteen days of the date on which the complained-of action occurred, subject to extensions of time due to legitimate delays (for verified physical incapacity, transit delays, unavailability of forms); (2) submit only one issue per grievance; and (3) acknowledge receipt of a written response before proceeding to the next step. Failure to comply with these rules terminates the grievance process for that particular issue. *See id.*

If the inmate fails to follow proper procedures, the prison's grievance officer may reject and return the grievance or appeal to the inmate without a response. PPM COR.12.03 § 9.1. If a grievance officer procedurally rejects a grievance, however, the officer must provide the inmate with written notice of the procedural rejection and an opportunity to correct and resubmit the grievance or appeal. *Id.* If the officer fails to do so, the

inmate may appeal that failure. If, however, the grievance or appeal is ultimately rejected for the inmate's failure to comply with PPM COR.12.03, after the opportunity to correct the issue has been given, the inmate may not appeal that rejection.

### IV. THE PARTIES' ARGUMENTS

Defendants state that, although Plaintiff submitted numerous grievances during his incarceration and since the incident alleged here, these grievances do not relate to the allegations in his Complaint. *See* Liu Decl., Ex. A, ECF No. 58-2, 58-3. Defendants argue that Plaintiff therefore failed to properly exhaust his prison administrative remedies in compliance with the PPM, which governs Hawaii's inmates' grievances and "define[s] the boundaries of proper exhaustion." *See Jones,* 549 U.S. at 218. Defs.' Mem. in Support, ECF No. 146-1.

Plaintiff initially conceded that his claims are unexhausted, asserting he was not required to exhaust his claims due to his transfer from WCF one month after the alleged assault. *See* Pl. Response, ECF No. 61 PageID #292-93. Plaintiff also argued that a rational inmate would not use administrative remedies that cannot provide the specific relief the inmate seeks. *Id.*

Four months after the initial hearing on this matter, Plaintiff's argument substantially evolved. See Pl. Second Response, ECF No. 77. In his Second Response, Plaintiff

submitted a string of out-of-circuit cases supporting the proposition that exhaustion may be excused in certain instances. Plaintiff failed to compare these cases to the facts presented here, however.  Plaintiff then broadly alleged for the first time that he had, in fact, grieved his claims regarding the WCF assault, but his grievances "were lost or destroyed and he was prevented from filing any more grievances."  Pl. Response, ECF No. 74.

At the March 5, 2013 hearing, Plaintiff asserted again that his grievances were lost, and also claimed that he was unable to grieve his claims because he was hospitalized after the alleged assault.

## V. ANALYSIS

The grievance procedures set forth in PPM COR12.03 apply and are available to all prisoners in correctional facilities operated by the Hawaii Department of Public Safety. *See* PPM COR.12.03.40.1.  Plaintiff filed fourteen grievances since 2008, and seven grievances after the WCF incident and before his transfer to Arizona, in May and June 2012.  *See* ECF No. 58-3 PageID #270-85.  These grievances show that Plaintiff was well-aware of DPS's grievance process before and after the incident at WCF on December 19, 2011.  The court has carefully reviewed each grievance and is persuaded that none relate to the

claims Plaintiff raises in this action.

**A. Plaintiff Was Not Prevented From Filing a Grievance**

Plaintiff first argues that his transfer from WCF on January 27, 2012, to OCCC, then to HCF, prevented him from filing a grievance regarding the December 19, 2011, assault. The DPS PPM provides for delays in the grievance process when "the inmate demonstrates a valid reason for delay in writing." PPM COR.12.03.80.2.

> Valid reasons for delay include . . . an extended period in-transit during which the inmate was separated from documents needed to prepare the grievance or appeal; an extended period of time during which the inmate was physically incapable of preparing a grievance or appeal; an unusually long period taken for informal resolution attempts; and unavailability of grievance forms. The inmate is responsible for submitting verification for any claimed reason for delay.

*Id.* Plaintiff provides nothing in support of this claim. Moreover, his transfers had no apparent effect on his ability to grieve these claims while he was still in Hawaii. Plaintiff filed seven grievances between May and June 2012, Nos. 172440, 172441, 172442, 172444, 172446, 172439, and 172439. These clearly show that Plaintiff was able to file grievances following the WCF incident and prior to his transfer to Arizona. *See* ECF No. 58-3 PageID #279-85. The grievance process was available to Plaintiff regardless of where he was incarcerated in Hawaii and he never sought an extension of time to file a grievance regarding the WCF assault at any time.

8

Plaintiff directs the court to *Boyd v. Driver*, 579 F.3d 513, 514 n.2 (5th Cir. 2009), in support of his claim that his transfer from WCF after the alleged assault excuses his failure to exhaust. *Boyd* does not hold that a transfer from one prison to another negates § 1997e(a)'s exhaustion requirement, however. Rather, *Boyd* notes that, although exhaustion applies to *all* suits brought with respect to prison conditions, Boyd's claims did not qualify as a suit about "prison conditions." *Id.* Plaintiff's claims, that WCF officials ordered another inmate to attack him and then failed to provide him with medical care, clearly constitute "conditions of confinement" claims. *See id.*

Plaintiff also asserts that he was unable to grieve his claims after the WCF assault because he was hospitalized. Although this is a legitimate reason for delaying the grievance process under PPM COR12.03.8.02, Plaintiff provided no evidence to support this reason for his delay to DPS at the time, or now to the court. Even accepting that Plaintiff was in the hospital until his transfer to OCCC, Plaintiff fails to explain why he did not initiate a grievance upon his transfer to OCCC, or at any time during the next six months before his transfer to Arizona, or even after he was transferred to Arizona. Had Plaintiff submitted evidence of his hospitalization, and of Defendants' refusal thereafter to allow him to grieve his claims despite his physical incapacity, this argument might be credible.

9

Moreover, at the March 5, 2013 hearing, Plaintiff asserted that he had contacted the State of Hawaii Ombudsman after the alleged assault, as well as the Director of the Federal Bureau of Investigation, Robert Mueller, regarding his claims. Again, if Plaintiff was able to make these efforts to resolve his claims, it is unclear why he was unable to proceed with the grievance process. Defendants did not prevent Plaintiff from exhausting his claims.

**B.    Exhaustion Is Not Excused Here**

Plaintiff next argues that exhaustion is excused because DPS's grievance procedure cannot provide him the relief he seeks. Plaintiff is mistaken. Exhaustion of administrative remedies is mandatory *regardless* of the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and applies to all prisoner suits relating to prison life. *Porter*, 534 U.S. at 532. Plaintiff brought this suit seeking medical care, damages, and the institution of criminal charges against the inmate who allegedly attacked him. *See* Compl., ECF No.1 PageID #8. Had Plaintiff grieved his claims when they occurred, prison officials could have provided him with medical care, and, at a minimum, brought disciplinary charges against the other inmate if warranted. Pl. Opp'n, ECF No. 60 PageID #293. Prison officials may also have taken steps to separate Plaintiff and the other inmate during their transport to Arizona, about which Plaintiff

10

later complained.  *See* Mot. for Temporary Restraining Order, ECF No. 36.  Relief was available to Plaintiff and exhaustion was not excused.

**C.   Plaintiff's Statements Are Not Credible**

Finally, Plaintiff claims that he actually filed a grievance or grievances regarding the December 19, 2011, incident, but Defendants lost or destroyed them.  Plaintiff argues that this unsupported statement presents a disputed issue of fact that may not be decided on a motion to dismiss for failure to exhaust, relying on *Walker v. Sheahan*, 526 F.3d 973 (7th Cir. 2008).  In *Walker,* the Seventh Circuit reversed summary judgment because the trial court failed to consider Walker's deposition testimony that a social worker lost Walker's grievance and mistakenly held that the Walker admitted that he did not grieve the incident.  *Id.* at 979.  The Seventh Circuit held that Walker's earlier, unrebutted deposition testimony demonstrated evidence of a genuine issue of material fact that the district court failed to credit or consider.  *Walker*'s facts are inapposite to those presented here.  There is no deposition testimony supporting Plaintiff's claims, or any other competent evidence before the court that Plaintiff's eleventh-hour statements that Defendants lost or destroyed his grievances are credible.  Moreover, the remaining out-of-circuit cases to which

Plaintiff cites are also similarly unavailing here.[4]

This court may, "[i]n deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, . . . look beyond the pleadings and decide disputed issues of fact." *Wyatt*, 315 F.3d at 1120 (citation omitted); *see also, Hubbard v. Houghland*, 471 Fed. Appx. 625, 626 (9th Cir. Mar. 7, 2012) (holding that an evidentiary hearing was required to determine the credibility of the inmate's written declaration that he had exhausted his claims); *c.f., Towns v. Holton*, 346 Fed. Appx. 97, 100 (7th Cir. 2009) (acknowledging that "the district court was not compelled to accept [the inmate's] word that he submitted his grievances and received no response," but reversing for the district court's failure to make a credibility determination); *Reneau v. Messerli*, 2012 WL 6967256 (C.D. Cal. Dec. 21, 2012) (holding that the inmate's conclusory allegations that he exhausted, by themselves, were insufficient to overcome the defendants' detailed showing of the inmate's failure to exhaust); *Bairfield v. Solano Cnty.*

---

[4] Plaintiff cites: *Little v. Jones*, 607 F.3d 1245, 1249-50 (10th Cir. 2010) (excusing failure to exhaust claims before bringing suit because an administrative review board rejected inmate's grievance on terms that were not part of the prison's grievance policy); *Turner v. Burnside*, 541 F.3d 1077, 1083-84 (11th Cir. 2008) (finding it was futile to require inmate to appeal when the warden destroyed the first grievance); *Kaemmerling v. Lappin*, 553 F.3d 669, 675 (D.C. Cir. 2008) (holding that inmate's claim seeking DNA testing was non-grievable under BOP regulations); *Gates v. Cook*, 376, 376 F.3d 323, 332 (5th Cir. 2004) (holding grievances are exhausted when time for response expires and when one inmate in the class exhausted the claims); *Johnson v. Jones*, 340 F.3d 624, 628 (8th Cir. 2003) (declining to reverse district court's decision allowing suit to proceed, when prisoner failed to exhaust before filing suit but did so before the motion to dismiss was decided); *Casanova v. Dubois*, 309 F.3d 75, 77 (1st Cir. 2002) (excusing exhaustion because the Massachusetts Department of Corrections had no grievance process).

*Sheriffs Dep't*, 2008 WL 564830, at *4 (E.D. Cal. 2008) (deciding the disputed issue of whether inmate grieved his claims pursuant *Wyatt*).

Plaintiff's last minute claim that Defendants lost or destroyed his grievance (or grievances) is not credible. Plaintiff did not allege that he grieved this claim until *after* the first hearing on Defendants' Motion to Dismiss. To the contrary, Plaintiff vehemently argued that exhaustion was unnecessary, impossible, and futile. Although given notice of the requirements of Rule 56 and the opportunity to rebut Defendants' Motion with admissible evidence, Plaintiff provided nothing to support this self-serving claim either before or during the March 5, 2013 hearing. Rather, at different times during this litigation Plaintiff has alleged that he was not required to grieve his claims because he was transferred, exhaustion was futile, he was unable to exhaust before filing suit because he was hospitalized, and that Defendants lost or destroyed his grievances concerning this incident.

Plaintiff's demeanor at the hearing and throughout this litigation convinces the court that his new allegations are not credible. Pursuant to *Wyatt*, this court resolves this disputed issue of fact against Plaintiff. *Wyatt*, 315 F.3d at 1120. The admissible evidence demonstrates that Plaintiff failed to grieve these claims. The record also shows that Plaintiff understood

the DPS grievance process, utilized it before and after the incident at issue, and pursued extra-administrative avenues without success. Compliance with an agency's deadlines and other critical procedural rules is required. *Ngo*, 548 U.S. at 90. Accordingly, Plaintiff's claims are DISMISSED without prejudice.

### III.   CONCLUSION

1. Defendant's Motion to Dismiss the Complaint for Plaintiff's failure to exhaust prison administrative remedies is GRANTED. Plaintiff's Complaint and action are DISMISSED without prejudice.

2. The Clerk of Court SHALL enter judgment and close this case.

3. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that an appeal of this decision would not be taken in good faith.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, March 15, 2013.



　　　　　　　　　　　　　　　　/S/ Leslie E. Kobayashi
　　　　　　　　　　　　　　　　Leslie E. Kobayashi
　　　　　　　　　　　　　　　　United States District Judge

*Tierney v. Torikawa*, 1:12-cv-00056 LEK/RLP, Order Granting Motion to Dismiss for Failure to Exhaust; G:\docs\prose attys\Exh Ords\2013\Tierney 12-56 lek (grt).wpd